IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Marcus A. Joseph,  Petitioner,  v.  Warden Wallace,  Respondent. | Case No. 8:24-cv-7151-RMG  **ORDER** |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending Marcus A. Joseph's ("Petitioner") action be dismissed. (Dkt. No. 9). Petitioner did not file objections to the report. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Petitioner's action. (Dkt. No. 1).

**I.   Background**

Petitioner Marcus A. Joseph brings this action for habeas relief under 28 U.S.C. § 2254 regarding his sentence on June 7, 1988, in the Clarendon County Court of General Sessions in case number 87-GS-14-9926. (Dkt. No. 1 at 1). Petitioner was sentenced to life imprisonment after pleading guilty to murder and grand larceny.[1] (*Id.* at 1–2). The grounds for the petition are the following: Petitioner was denied due process, the court had no jurisdiction, Petitioner's conviction was obtained through fraudulent testimony, Petitioner was convicted in violation of the Double Jeopardy Clause, and the Petitioner is innocent. (*Id.* at 5-14). For relief, Petitioner requests that his conviction and sentence be vacated. (*Id.* at 15).

---

[1] Plaintiff successfully vacated his conviction for grand larceny, but his conviction for murder was affirmed. *See Joseph v. State*, 351 S.C. 551, 563 (2002).

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.     Discussion

The Court has reviewed the R&R, applicable caselaw, and the record evidence in this matter. The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that Petitioner's case be dismissed as an unauthorized successive petition. (Dkt. No. 9). The Court agrees with the R&R's finding that Petitioner is a "frequent filer" who has filed approximately twenty-three cases in this Court and at least five habeas actions to challenge his state court criminal conviction and sentence. The Court has dismissed each of those actions as unauthorized successive petitions. *See Joseph v. Wallace*, C/A No. 8:22-cv-3282-RMG, 2022 WL 16638342, at *1 (D.S.C. Nov. 2, 2022), *appeal dismissed*, No. 22-7379, 2023 WL 3144561 (4th Cir. Apr. 28, 2023). The Magistrate Judge correctly found that the petition at case number 3:93-cv-2602 was dismissed on the merits, and the present petition attacks the same

conviction, making it successive for purposes of 28 U.S.C. § 2244(b). *See See Joseph v. Evatt*, C/A No. 3:93cv-2602-JFA (D.S.C. Jun. 9, 1994) (Dkt. No. 14).

Further, an individual may not file a second or successive petition for writ of habeas corpus under § 2254 without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). There is no showing Petitioner obtained authorization from the Fourth Circuit Court of Appeals to file this successive habeas petition. As such, the Court is without jurisdiction to hear the petition.

### IV.     Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 9) as the Order of the Court and **DISMISSES** Petitioner's action.

**AND IT IS SO ORDERED.**


_s/ Richard M. Gergel_
Richard Mark Gergel
United States District Judge

January 2, 2025
Charleston, South Carolina